UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC HAFNER,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH M. LOMBARDO, Nevada Governor,<br>AARON FORD, Nevada Attorney General,<br>FRANCISCO V. AGUILAR, Nevada Secretary<br>of State,<br><br>  Defendants. | Case No: 2:23-cv-02141-CDS-EJY<br><br>ORDER<br>AND<br>REPORT AND RECOMMENDATION<br>Re: ECF No. 2-1 |

Presently before the Court is Plaintiff Eric Hafner's Application to Proceed *In Forma Pauperis* ("IFP") and Complaint. ECF No. 2 and 2-1.

I.   ***In Forma Pauperis* Application**

Plaintiff's application to proceed IFP is complete under 28 U.S.C. § 1915(a) and shows an inability to prepay fees and costs or give security for them. Therefore, Plaintiff's IFP application is granted.

II.   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Finding Regarding Plaintiff's Complaint

Plaintiff's Complaint seeks an Order from the Court requiring the State of Nevada (sometimes the "State") to place him on the ballot as a candidate for the State's First U.S. Congressional District. Plaintiff sues the Governor (Joseph Lombardo), the State Attorney General (Aaron Ford), and the Secretary of State (Francisco V. Aguilar). Plaintiff cites Nevada Revised Statute ("NRS") 293.177 claiming it unconstitutionally prevents him from running for office because the statute requires that a person seeking to be placed on the ballot must file a signed and notarized Declaration of Candidacy, have a valid government issued photo ID, not be a convicted felon or have had his civil rights restored, and pay the $300 filing free (applicable to a Congressional Representative filing no earlier that "the first Monday in January of the year in which the election is to be held and not later than 5 p.m. on the second Friday after the first Monday in January." NRS 293.177; NRS 293.193; ECF No. 2-1 at 8. Plaintiff does not allege he has filed a declaration of candidacy, attempted to do so, or that an application to do so was rejected.

The Court notes that a review of NRS 293.177, which includes the form of declaration required before a person will be place on a ballot and the statute generally, does require each of the items Plaintiff complains about, but does not seem to include an express requirement that the person filing the Declaration of Candidacy appear in person; although, the Statute does state "the candidate

shall present to the filing officer" a valid driver's license or government issued identification card. NRS 293.177.3(b)(1). The Statute also makes clear that the candidate's address in the State of Nevada must be one where the candidate has resided for at least 30 days "immediately preceding the date of the close of filing of declarations of candidacy for this office"; the candidate is a "qualified elector pursuant to Section 1 of Article 2 of the Constitution of the State of Nevada"; and the candidate has either never been convicted of treason or a felony or, if he has, his "civil rights have been restored." *Id*.

Various cases around the country have reviewed state election laws and concluded that the states have significant authority to regulate the formation of political parties and the identification of candidates on the ballot. *McLaughlin v. North Carolina Bd. of Elections*, 65 F.3d 1215 (4th Cir.1995) (upholding as constitutional North Carolina's requirement that a candidate of a new political party gather signatures of two percent of voters statewide, with at least 200 signatures from registered voters residing in each of four congressional districts, and then requiring the new party candidate to poll at least ten percent of votes in the general election for that party to remain on the ballot).

> Although these rights of voters are fundamental, not all restrictions imposed by the States on candidates' eligibility for the ballot impose constitutionally-suspect burdens on voters' rights to associate or to choose among candidates. We have recognized that, "as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes." *Storer v. Brown*, 415 U.S. 724, 730 … (1974). To achieve these necessary objectives, States have enacted comprehensive and sometimes complex election codes. Each provision of these schemes, whether it governs the registration and qualifications of voters, the selection and eligibility of candidates, or the voting process itself, inevitably affects—at least to some degree—the individual's right to vote and his right to associate with others for political ends. Nevertheless, the state's important regulatory interests are generally sufficient to justify reasonable, nondiscriminatory restrictions.

*Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983). To decide whether a ballot-access law violates these rights, the Court held, the judiciary must identify the "character and magnitude" of the harm to the rights and compare that harm to the "precise interests" that the state used to justify the law. *Id*. at 789.

In contrast to the above, case law establishes that "states may not require U.S. House of Representative candidates to submit to any qualifications that are not listed in Article I, Section 2,

3

Clause 2 or in Section 3 of the Fourteenth Amendment." *Sharma v. Circosta*, Case No. 5:22-CV-59-BO, 2022 WL 19835738, at *3 (E.D.N.C. May 16, 2022), *motion for relief from judgment denied*, Case No. 5:22-CV-59-BO, 2023 WL 3437808 (E.D.N.C. May 11, 2023), *cert. denied before judgment*, Case No. 23-5011, 2023 WL 6379035 (U.S. Oct. 2, 2023). Those qualifications include that members of the House of Representatives must (1) be at least twenty-five years of age, (2) have been a United States citizen for at least seven years, and (3) be an inhabitant of the state they represent. U.S. CONST. art. I, § 2, cl. 2.

Here, despite the limitations on running for office created by NRS 293.177, some of which may be inconsistent with Article 1, Section 2, Clause 2 of the Fourteenth Amendment,[1] Plaintiff offers nothing to the Court showing he is a resident of the State of Nevada.[2] Thus, Plaintiff asks the Court to rule on the constitutionality of Nevada's election laws when he has not demonstrated he meets all of the qualifications required by the U.S. Constitution applicable to running for Congress in Nevada. Therefore, Plaintiff does not establish he has standing to bring his claim. "The doctrine of standing is rooted in the 'Cases or Controversies' clause of Article III of the Constitution." *M.S. v. Brown*, 902 F.3d 1076, 1082 (9th Cir. 2018). "To establish standing, a plaintiff must demonstrate a personal stake in the outcome of the controversy." *Id.* at 1083 (internal citation and quote marks omitted). Courts enforce this requirement by insisting that a plaintiff satisfy the familiar three-part test for Article III standing: that the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (internal citation omitted). Plaintiff has not established an injury in fact and thus cannot establish standing. When this is coupled with the fact that Plaintiff does not demonstrate

---

[1] *See Joyner v. Mofford*, 706 F.2d 1523,1529 n.4 (9th Cir. 1983) (citing numerous cases holding various state law restricting eligibility for federal office candidacy unconstitutional); *Dillon v. Fiorina*, 340 F.Supp. 729 (D.N.M. 1972) (requiring candidates must be registered with political party for at least one year prior to filing date to be eligible to run in party primary); *Exon v. Tiemann*, 279 F.Supp. 609 (D. Neb. 1968) (requiring candidate for House of Representatives reside in the congressional district in which they are nominated); *Hellmann v. Collier*, 141 A.2d 908 (1958) (same); *Shub v. Simpson*, 196 Md. 177, 76 A.2d 332 (Md.App.1950) (demanding candidates file anti-subversion declaration to be eligible for office); *Danielson v. Fitzsimmons*, 44 N.W.2d 484 (1950) (convicted felon cannot qualify for federal office); *In Re O'Connor*, 17 N.Y.S.2d 758 (1940) (communist felon not allowed to file for election to Congress).

[2] While there is a rebuttable presumption that a prisoner is a resident of the state where he lived and intended to stay before his incarceration, even if he is currently incarcerated elsewhere (*see Hall v. Curran*, 599 F.3d 70, 72 (1st Cir.2010)), case law holds that residency requirements are constitutional when governmental interests are established. *Oswald v. Ireland-Imhof*, 599 F.Supp.3d 211 (D.N.J. 2022).

he has sought to be placed on the ballot or that he submitted a declaration attempting to be placed on the ballot and was rejected, Plaintiff has not presented a claim ripe for judicial resolution. A matter is only ripe "when the action in controversy is final and not dependent on future uncertainties." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006). Plaintiff claim is not final, and it depends on future uncertainties. The Nevada Board of Elections has not acted upon any notice of candidacy filed by Plaintiff. Thus, there is no adverse agency action for the Court to review. As a result, the issue is not fit for judicial decision.

**IV.   Order**

Accordingly, IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED.

**V.   Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 2-1) be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be allowed to refile his claim once he establishes standing to do so and that his claim is ripe.

DATED this 3rd day of January, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).