UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Eric Hafner,

          Plaintiff

v.

Joseph M. Lombardo, et al.,

          Defendants

Case No.: 2:23-cv-02141-CDS-EJY

**Order Overruling Plaintiff's Objection, Adopting the Magistrate Judge's Report and Recommendation, and Closing Case**

[ECF Nos. 3, 4]

      Pro se plaintiff Eric Hafner filed a complaint and application to proceed *in forma pauperis* (IFP). ECF Nos. 2, 2-1. Following review of Hafner's complaint, Magistrate Judge Elayna J. Youchah recommends that I dismiss Hafner's complaint without prejudice for (1) lack of standing and because (2) his claim is not ripe for judicial resolution. ECF No. 3. Judge Youchah granted Hafner's application to proceed in forma pauperis and allowed Hafner to refile his claim once he establishes (1) proper standing and (2) that his claim is ripe. *Id.* at 3. Hafner objected to the R&R.[1] For the reasons herein, I agree with Judge Youchah, overrule Hafner's objection, adopt the R&R in full, and direct the Clerk of Court to close this case.

**I.    Legal standard**

      "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a

---

[1] Hafner dates his own signature on his objection to Judge Youchah's R&R as January 7, 2024. However, the Clerk of Court's stamp instead records Hafner's objection as received on January 25, 2024. Although received after the deadline to file any objections (*see* LR IB 3-2(a)), I nonetheless considered Hafner's objection here.

definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). And it is well established that courts must liberally construe documents filed by *pro se* litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## II.   Discussion

Hafner seeks an order from the court requiring the State of Nevada to place him on the ballot as a candidate for the state's First U.S. Congressional District. ECF No. 2-1. He sues state governor Joseph Lombardo, state attorney general Aaron Ford, and secretary of state Francisco V. Aguilar. *Id.*

As Judge Youchah properly concludes, Hafner has not established that he has standing to bring his claim. Hafner explicitly cites NRS 293.177 in his complaint, claiming it unconstitutionally prevents him from running for office because it requires a person seeking to be placed on the ballot to: (1) file a signed and notarized declaration of candidacy; (2) have a valid government issued photo ID; (3) not be a convicted felon or if previously convicted, the candidate must have had their civil rights restored; and (4) pay the $300 filing fee. NRS 293.177; NRS 293.193; ECF No. 2-1 at 8.

Hafner does not allege that he has filed or attempted to file a declaration of candidacy, or even that such application was rejected. Instead, Hafner alleges that he need not file a declaration of candidacy as required by NRS 293.177 because the statute's declaration of candidacy requirement is unconstitutional. ECF No. 4 at 3. Further, Hafner also contends that filing a declaration of candidacy as required by NRS 293.177 is unnecessary because it is a futile gesture. *Id.* at 4. Hafner alleges, without evidence, that his candidacy application would have been outright denied. *Id.*

As Judge Youchah found in her review of NRS 293.177, there is no express requirement that the person filing a declaration of candidacy appear in person; although, the statute does state "the candidate shall present to the filing officer" a valid driver's license or government issued identification card. NRS 293.177.3(b)(1). The statute also specifies that the candidate must have resided at the used address for at least 30 days "immediately preceding the date of the close of filing of declarations of candidacy for this office"; that the candidate is a "qualified elector pursuant to Section 1 of Article 2" of the Nevada constitution; and that the candidate must not have been convicted of treason or a felony, unless their civil rights have been restored. *Id.*

Simply claiming that applying for a declaration of candidacy would be futile, as Hafner does here, is insufficient to establish standing to bring a claim. A plaintiff who claims that he was deterred from applying for a benefit by wrongful practices bears the "burden of proving that he would have applied . . . had it not been for those practices," as "[t]he known prospect of [wrongful] rejection shows only that [individuals] who wanted [benefits] may have been deterred from applying for them." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 368–69 (1977). Hafner does not meet this requirement. His mere allegations of futility alone do not show a concrete, particularized, and actual or imminent injury. *Id.*

With these principles in mind, I also find that Hafner has neither alleged nor proven that he would have actually filed a declaration of candidacy *but for* the State of Nevada's practices. Hafner alleges no specific facts of wrongful practices that deterred him from applying for the declaration. Hafner instead claims that filing a declaration of candidacy is futile because "time is of the essence for a fast approaching election." ECF No. 4 at 4. Hafner fails to allege that he has taken any specific steps to file a declaration of candidacy as required by NRS 293.177 and because he is unable to prove that this lack of meaningful action qualifies as a futile gesture, he lacks the requisite standing to bring a claim.

In his objection, Hafner also claims that the Ninth Circuit has clearly held that Article I, Section 2, Clause 2 of the United States Constitution mandates that a state must allow nonresidents to seek election to the U.S. House of Representatives. ECF No. 4 at 3. Hafner claims that he "indeed does not, nor does he have to" demonstrate that he is a resident of Nevada. *Id*. Despite the limitations on running for office created by NRS 293. 177, some of which may be inconsistent with Article I, Section 2, Clause 2 of the Fourteenth Amendment,[2] as the R&R finds, Hafner has failed to demonstrate that he is a Nevada resident.[3] Hafner is essentially asking the court to rule on the constitutionality of Nevada's election laws when he has not demonstrated he meets all of the qualifications required by the U.S. Constitution applicable to running for Congress in Nevada. Stated otherwise, Hafner does not establish he has standing to bring his claim. "The doctrine of standing is rooted in the '[c]ases or [c]ontroversies' clause of Article III of the Constitution." *M.S. v. Brown*, 902 F.3d 1076, 1082 (9th Cir. 2018). And "[t]he law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). To establish Article III standing, a plaintiff must show (1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (simplified). Because Hafner did

---

[2] See *Joyner v. Mofford*, 706 F.2d 1523, 1529 n.4 (9th Cir. 1983) (citing numerous cases holding various state law restricting eligibility for federal office candidacy unconstitutional); *Dillon v. Fiorina*, 340 F. Supp. 729 (D.N.M. 1972) (requiring candidates must be registered with political party for at least one year prior to filing date to be eligible to run in party primary); *Exon v. Tiemann*, 279 F. Supp. 609 (D. Neb. 1968) (requiring candidate for House of Representatives reside in the congressional district in which they are nominated); *Hellmann v. Collier*, 217 Md. 93, 141 A.2d 908 (1958) (same); *Shub v. Simpson*, 196 Md. 177, 76 A.2d 332 (1950) (demanding candidates file anti-subversion declaration to be eligible for office); *Danielson v. Fitzsimmons*, 44 N.W.2d 484 (1950) (convicted felon cannot qualify for federal office); *In re O'Connor*, 17 N.Y.S.2d 758 (Sup. Ct. 1940) (communist felon not allowed to file for election to Congress).

[3] While there is a rebuttable presumption that a prisoner is a resident of the state where he lived and intended to stay before his incarceration, even if he is currently incarcerated elsewhere (*see Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010)), case law holds that residency requirements are constitutional when governmental interests are established. *Oswald v. Ireland-Imhof*, 599 F. Supp.3d 211 (D.N.J. 2022).

not show that the findings in the R&R are erroneous or contrary to law, the objection is overruled.

Here, Hafner has not established an injury in fact and thus cannot establish standing.[4] And the injury must be "concrete, particularized, and imminent rather than conjectural or hypothetical." *Id.* As it stands, Hafner's claim is not final, and depends on future uncertainties that have yet to be realized. The Nevada Board of Elections has not acted upon any notice of candidacy filed by Hafner. Accordingly, Judge Youchah correctly found that Hafner failed to present a claim ripe for judicial review (ECF No. 3 at 5) as there is no adverse agency action for the court to review. Consequently, this action is not fit for judicial review.

Having conducted a de novo review of the R&R, I find that Hafner's objection does not demonstrate that the magistrate judge's order was clearly erroneous or contrary to the law. Thus, the magistrate judge's recommendation to dismiss Hafner's complaint is correct and must be affirmed. So I adopt the R&R in its entirety and dismiss this case without prejudice.

### III. Conclusion

IT IS THEREFORE ORDERED that Hafner's objection **[ECF No. 4] is OVERRULED**, and the magistrate judge's report and recommendation **[ECF No. 3] is ADOPTED in its entirety.**

IT IS FURTHER ORDERED that the complaint [ECF No. 2-1] is dismissed without prejudice. Hafner may bring a new case if and when he can establish standing on this claim.

The Clerk of Court is kindly directed to close this case.

DATED: February 1, 2024

_____
Cristina D. Silva
United States District Judge

---

[4] "[I]f a plaintiff is required to meet a precondition or follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to attempt to satisfy the precondition." *Pucket v. Hot Springs Sch. Dist.*, 526 F.3d 1151, 1161 (8th Cir. 2008) (citing *T.L.J. v. Webster*, 792 F.2d 734, 739 n.5, 740 (8th Cir. 1986)).