UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Eric Hafner,

          Plaintiff

  v.

Joseph M. Lombardo, et al.,

          Defendants

Case No.: 2:23-cv-02141-CDS-EJY

**Order Denying Plaintiff's Motion to Reconsider and Striking Rogue Filings**

[ECF Nos. 7, 8, 9, 10, 11, 14, 19, 22, 26]

      Pro se plaintiff Eric Hafner, a New Jersey prisoner, moves for reconsideration from this court's order overruling his objections to the report and recommendation issued by Magistrate Judge Elayna J. Youchah, recommending dismissal of his complaint without prejudice. *See* Order, ECF No. 5. Hafner brought this action against Governor Joseph Lombardo, state attorney general Aaron Ford, and secretary of state Francisco V. Aguilar seeking an order from this court requiring the State of Nevada to place him on the ballot as a candidate for the state's First U.S. Congressional District. *See generally* ECF No. 2-1. I adopted Judge Youchah's finding that Hafner lacked standing to bring this claim. *See generally* Order, ECF No. 5. Hafner moves for reconsideration of that order, arguing that it contains both legal and factual errors. *See* ECF No. 9 at 6.[1] For the reasons set forth herein, I deny Hafner's motion for reconsideration, and strike the filings listed at the conclusion of this order.

---

[1] Hafner filed three motions for consideration, docketed at ECF Nos. 7; 8; 9. Hafner's motion for reconsideration docketed at ECF No. 9 states that this filing is the "final version of motion for reconsideration[.]" ECF No. 9 at 2. Hafner raises somewhat similar arguments in ECF No. 7 to those raised in ECF No. 9, so I liberally construe ECF No. 9 as the final version of ECF No. 7. Even if that was not Hafner's intention, he failed to seek leave of court before filing multiple motions for reconsideration, which is improper. Regardless, this court's conclusion that Hafner lacks standing can be applied to ECF No. 7. Accordingly, for the same reasons set forth in this order, the motion docketed at ECF No. 7 is also denied. The motion docketed at ECF No. 8 appears to be a letter addressed to Judge Youchah, containing a copy of Hafner's "final motion" docketed at ECF No. 9. *See* ECF No. 8. Accordingly, ECF No. 8 is denied for not only being duplicative, but a letter to the court in violation of Fed. R. Civ. P. 7 and LR IA 10-2.

## I. Legal standard

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration. Valid grounds include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

The Ninth Circuit directs courts "to make reasonable allowances for pro se litigants and to read pro se papers liberally." *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987). This district's local rules regarding civil cases require that any motion for reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1(a).

## II. Discussion

As a threshold matter, the court first addresses a number of rogue filings submitted by Hafner. Although the court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Further, Local Rule

IC 7-1 states that "[t]he court may strike documents that do not comply with these rules." LR IC 7-1.

In March and April 2024, Hafner filed three letters to the court, seeking various forms of relief and providing updates to the court. ECF Nos. 23; 24; 25. Each of these filings constitutes a violation of Local Rule IA 10-2. As addressed by Magistrate Judge Youchah, documents requesting a court order must be styled as a motion, and conversely, letters[2] to judges will be disregarded. *See* Min. orders, ECF Nos. 23 (citing Fed. R. Civ. P. 7 and LR IA 10-2); 24 (same); 25 (same). Because Judge Youchah has already advised the letters will not be considered, I need not strike them at this time. Hafner is cautioned, however, that future filings in violation of LR IA 10-2 will be stricken.

Further, on February 28, 2024, Hafner filed a "Notice of Declaration of Candidacy," on March 19, 2024, he filed a "declaration," and then on March 22, 2024, he filed a "memorandum," none of which were tied to any pending motions before the court. *See* ECF Nos. 14; 19; 22. Rather, these appear to be attempts by Hafner to cure the defect identified in this court's order regarding his failure to file a declaration of candidacy and are therefore rogue filings. Each constitutes a violation of LR IA 10-2 and are hereby stricken.

And, without leave of court, Hafner filed three supplements to his three motions for reconsideration without leave of court. ECF Nos. 10; 11; 26[3]. None of the supplements contain any information or explanation as to why the supplemental filings were made after the original motions were filed, why they could not have been filed contemporaneously with the original filings, or why he did not file a motion seeking leave to file supplemental information. The Local Rules provide that "[s]upplementation [is] **prohibited** without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for

---

[2] Letters from Hafner were docketed on February 28, March 4, and March 20, 2024. ECF Nos. 13; 15; 20. The letters can also be liberally construed as improperly filed, additional supplementation to his motion for reconsideration.

[3] Hafner's motion for reconsideration docketed at ECF No. 26 was filed more than two months after his initial motion for reconsideration. I liberally construe this as a supplementation.

3

good cause." LR 7-2(g) (emphasis added). A "judge may strike supplemental filings made without leave of court." *Id*. Because these supplements were filed without leave of court, they are hereby stricken.

Turning to the reconsideration motion, Hafner fails to show that reconsideration is warranted. Hafner does not proffer any newly discovered evidence or show that there was an intervening change in the controlling law that would warrant reconsideration of my prior decision. Rather, the core of Hafner's objections to Judge Youchah's report and recommendation, and now this reconsideration motion, are his arguments that the additional requirements Nevada places on candidates running for office violate the Qualifications Clause. What Hafner fails to address is his lack of standing. To establish Article III standing, a plaintiff must show (1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (simplified). Over a series of scattered arguments (ECF No. 9 at 14–15 23–24, 26–30), Hafner argues that he satisfied an injury in fact because the Declaration of Candidacy creates "insurmountable barriers" making the finding that he lacks standing based on failure to submit a declaration as required by Nevada Revised Statute (NRS) 293.177 a futile gesture, so he "need not engage to show injury in fact." ECF No. 9 at 29–31.

Hafner essentially asks me to deem the State of Nevada's practice of not printing a name on the ballot unless certain requirements are satisfied unconstitutional because he cannot satisfy the requirements. *See generally* ECF No. 9. For example, Hafner argues that the Declaration of Candidacy contains "a variety of unconstitutional requirements that he does not meet." *Id.* at 15. Hafner argues that the Declaration of Candidacy is unconstitutional because it requires a candidate to have a valid government issued photo ID, and he "has been in jail for nearly five years" and thus does not have such ID. *Id*. at 16. Similarly, Hafner argues that the Declaration of Candidacy is unconstitutional because it mandates that a candidate may not be a convicted

felon, or if previously convicted, the candidate must have had their rights restored, and he "cannot meet this unconstitutional requirement either, as he is a convicted felon, and his rights have not been restored. So he can[']t meet that—and it is unconstitutional." *Id.* at 16. These arguments fail to demonstrate that Hafner has standing.

Hafner also argues that he meets all the qualifications to run for Congress as outlined in the Qualifications Clause. *Id.* at 9, 25. The Qualifications Clause sets forth the requirements for membership of the United States House of Representatives and mandates that a candidate must be "an inhabitant of the state from which he or she is elected *at the time of election*." U.S. Const. art. I, § 2, cl. 2 (emphasis added). Hafner discusses this very provision when arguing that the Declaration of Candidacy is unconstitutional because a candidate's residency should not be considered until they are elected. ECF No. 9 at 9. But Hafner simply cannot satisfy this Qualifications Clause requirement because he is imprisoned in New York[4] for a term of 20 years for threatening New Jersey state officials, judges, law enforcement officers, and attorneys, and phoning in false bomb threats to local and state government offices, a police department, two law firms, and a commercial establishment.[5] Thus, Hafner cannot plausibly argue that he in fact qualifies to run for Congress when his residency in Nevada (or any other state outside of New York in which he seeks to run) is an impossibility until he is released from prison.[6]

---

[4] While the court is striking Hafner's most recent supplement to his reconsideration motion (ECF No. 26), it nonetheless notes that that the filing contained a new address in New York. *See* ECF No. 26 at 1. This is the same address use in Hafner's improper letter to the court. ECF No. 20. Hafner previously had an address in New Jersey. *See* Mail returned undeliverable, ECF No. 21. To date, Hafner has failed to update his address in violation of the local rules. *See* Local Rule IA 3-1 ("An attorney or pro se party just immediately file with the court written notification of any change of mail address, email address, telephone number, or facsimile number.").

[5] The court takes judicial notice of Hafner's judgment of conviction out of the United States District Court for the District of New Jersey for violating 18 U.S.C. § 875(c), transmission of threats in interstate or foreign commerce, 18 U.S.C. § 875(b), transmission of interstate communications with intent to extort, and 18 U.S.C. § 844(e), conveying false information concerning the use of an explosive device. *See* 3:19-cr-00790-ZNQ-1 at ECF No. 229. As a result of that conviction, Hafner was sentenced to a total sentence of 240 months on December 8, 2023. *Id.* at 2.

[6] Hafner did not allege that he would be a resident of Nevada at the time of the election, nor did he provide any evidence or argument that his conviction has been or will be overturned before the election that may plausibly support his intention or availability to become a Nevada resident.

Further precluding Hafner from demonstrating standing is his failure to demonstrate that the requirements of NRS 293.177 apply to individuals declaring federal office candidacy. The additional candidacy requirements in NRS 293.177 that he complains about, namely his status as a felon, are certainly applicable to becoming a *state* candidate. But Hafner fails to demonstrate it applies to candidates filing for federal office in Nevada. The court takes judicial notice[7] of the candidate guide prepared by the Clark County Election Department.[8] While the candidate guide does not explicitly list the requirements for filing for federal office, it does note that qualifications apply to all offices "**other than federal.**" *Id.* at 7 (emphasis added). This limitation includes Nevada's elector status requirement, which includes the language precluding felons running for office that Hafner objects to. *Id.* (referencing Nevada Const. art. 2, §1, which states in relevant part: "All citizens of the United States…of the age of eighteen years and upwards, who shall have actually, and not constructively, resided in the state six months, and in the district or county thirty days next preceding any election, shall be entitled to vote for all officers that now or hereafter may be elected by the people, and upon all questions submitted to the electors at such election; provided, **that no person who has been or may be convicted of treason or felony in any state or territory of the United States, unless restored to civil rights**… shall be entitled to the privilege of an elector) (emphasis added). Stated otherwise, Hafner fails to meet the "injury in fact" requirement because he has failed to show that the requirements of NRS 293.177 apply to federal candidates.

Regardless, even if I assumed that Hafner need not demonstrate an "injury in fact," Hafner nonetheless fails to show a "likel[ihood]" that his alleged injury "will be redressed by a favorable decision." The injury he complains of—that is, not being placed on Nevada's ballot—

---

[7] *See United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017) ("It is appropriate to take judicial notice of this information [the Small Business Administration's personal guaranty requirement], as it was made publicly available by government entities.") (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010).

[8] *See* https://webfiles.clarkcountynv.gov//Election%20Department/2024/CG24.pdf (last accessed April 17, 2024).

will not be redressed by a favorable decision here because his conviction and sentence demonstrates he is not resident of Nevada[9] and will not be at the time of election.[10]

Consequently, this court's conclusion that Hafner lacks standing to bring this action has not changed. Hafner fails to demonstrate that reconsideration of my order finding he lacks standing is warranted. Accordingly, his motion for reconsideration is denied.

### III. Conclusion

IT IS THEREFORE ORDERED that Hafner's motion for reconsideration **[ECF No. 9] is denied.**

IT IS FURTHER ORDERED that Hafner's remaining duplicative motions **[ECF Nos. 7, 8] are denied as moot**.

IT IS FURTHER ORDERED that Hafner's motions docketed at **ECF Nos. 10, 11, 14, 19, 22, and 26 are stricken** for the reasons set forth in this order.

No other documents may be filed in this closed case.

Dated: April 23, 2024

_____
Cristina D. Silva
United States District Judge

---

[9] It is difficult to comprehend Hafner's true residency intentions given he filed this action, and several others, raising similar arguments throughout the country. *See Hafner v. Oregon*, 3:23-cv-1859, slip op. (D. Or. Jan. 9, 2024) (dismissed on 28 U.S.C. § 1915(e)(2) review as frivolous); *Hafner v. Mills*, 2024 WL 264094 (D. Me. Jan. 24, 2024) (dismissed under 28 U.S.C. §§ 1915(e)(2), 1915A review for lack of standing and failure to state a claim); *Hafner v. Reeves*, 3:23-cv-3179 (S.D. Miss. Dec. 27, 2023); *Hafner v. Grisham*, 1:23-cv-1151 (D.N.M. Dec. 26, 2023); *Hafner v. Hochul*, 1:23-cv-9517 (E.D.N.Y. Dec. 21, 2023) (pending); *Hafner v. Murphy*, 2:24-cv-81 (D.N.J. Jan. 3, 2024); *Hafner v. Scott*, 2024 U.S. Dist. LEXIS 58187 (D. Vt. Mar. 27, 2024).

[10] Hafner did not allege that he would be a resident of Nevada at the time of the election, nor did he provide any evidence or argument that his conviction has been or will be overturned before the election that may plausibly support his intention or availability to become a Nevada resident.